UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>    John F. Gillen, Jr.<br>        Debtor | : | Bankruptcy No.: 18-16077AMC |
| John F. Gillen, Jr.<br><br>        Plaintiff<br><br>    v.<br><br>    PHEAA<br><br>        Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | AP No.:_____ |

# COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT PERSUANT TO 11 U.S.C. §523(a)(8)

### I.    Introduction

1. The instant complaint is filed by the Debtor-Plaintiff (hereinafter referred to as "Debtor") John F. Gillen, Jr., to determine the dischargeability of his student loan debt pursuant to 11 U.S.C §523(a)(8), and praying that this Honorable Court enter an Order, approving the dischargeabilty of all of the Debtor's student loan debt.

## II.  Jurisdiction

2. The Debtor, John F. Gillen, Jr. by and through his Counsel, Brad J. Sadek of Sadek and Cooper filed the present Chapter 7 Bankruptcy on or about September 12, 2018. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C §157 and §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157.

## III.  Parties

3. John F. Gillen, Jr., the Debtor, is an adult individual residing in the Commonwealth of Pennsylvania at 262 Tollgate Road, Langhorne, PA 19047 ("residence"). However, the Debtor is moving to the State of Arizona in December 2018 to live near his brother, David Gillen, who is also his Power of Attorney.

4. Defendant, PHEAA, is an agency with a primary address of 1200 North Seventh Street, Harrisburg, Pennsylvania 17102-1444

5. The Loan(s) is currently being collected and serviced by Performant Recovery Inc, with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551.

## IV.  Issue Presented

6. Here, can the Debtor discharge his student loan debts by demonstrating that "unless excepting such debt from discharge…would impose an undue hardship on the debtor." 11 U.S.C §523(a)(8).

7. In this Circuit, a debtor must satisfy the following three elements of "the Brunner test" to have student loans held to be dischargeable:

(1) based on current income and expenses, the debtor cannot maintain a "minimal" standard of living for himself or herself and his or her dependents if forced to repay the loans;

(2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and;

(3) the debtor has made a good faith effort to repay the loans.

In re Faish, 72 F.3d 298, 304-05 (3d Cir. 1995) (quoting Brunner v. New York Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2d Cir. 1987)).

### V.    Factual Allegations & Legal Argument

8. The Debtor filed Chapter 7 Bankruptcy on or about September 12, 2018.

9. The Chapter 7 Bankruptcy was assigned case number 18-16077.

10. The purpose of the Chapter 7 Bankruptcy being filed was for a discharge of the Debtor's unsecured debts, in order to obtain a fresh start.

11. The instant Adversary Proceeding is being filed to demonstrate that forcing the Debtor to pay back any or all of his student loan debt, would create an undue hardship on the Debtor, and not allow him to maintain a minimal standard of living after the Bankruptcy.

12. As a way of introduction, the Debtor, was previously employed at Chestnut Hill Lodge as a Physical Therapist, when he became seriously ill.

13. In or about July 2018, the Debtor received a final diagnosis of cardiomyopathy.

14. Prior to his final diagnosis, the Debtor was treated for Atrial Fibrillation starting in 2015.

15. The Debtor's heart function continues to be very poor, at about ten-percent (10%) functioning of normal.

16. The Debtor was placed on Life Vest to alarm and shock him if a lethal cardiac rhythm occurs that could cause sudden death. He was also previously on a continuous heart monitor.

17. In addition to his cardiac diagnosis, the Debtor has suffered from diabetes for over twenty (20) years.

18. The Debtor's condition which has persisted has made it impossible for him to remain employed in any capacity. He has been unable to maintain employment since 2016.

19. The Debtor's symptoms include shortness of breath, tachycardia, rapid heartbeat, and dizziness. The Debtor has additionally had several falls due to his symptoms.

20. In September 2018, the Debtor had a particularly serious fall, which caused him to sustain deep bruising to his hip and strained ligaments in his wrist. He additionally required physical therapy and needed a walker for mobility. After this fall, his doctor recommended he not travel, as it would put him in additional risk of injury or cardiac incident. See October 2, 2018 Letter from Crestview Center Marked as "**Exhibit A**" and incorporated herein.

21. The Debtor's symptoms make it impossible to maintain a work schedule.

22. The Debtor has also been living at Crestview Center to assist him with his symptoms and diagnosis.

23. Due to his condition and disability, the Debtor was forced to stop working in 2016.

24. The Debtor has been unable to return to work since then.

25. Regarding the Debtor's student loan debts, to the best of the Debtor's knowledge information and belief the Debtor has student loans with the following entities:

    a. One loan with Performant Recovery, Inc., which took over a loan with Pennsylvania Higher Education Assistance Agency.

26. In order to discharge student loan debt in this Jurisdiction, an "Undue Hardship" must be demonstrated through the Brunner Test which has been adopted by the Third Circuit. In re Faish, 72 F.3d 298, 304-05 (3d Cir. 1995).

27. The Debtor is entitled to a Discharge of his student loan debts, as he satisfies all three prongs of the Brunner Test.

28. The Discharge of student loans is governed 11 U.S.C. §523(a)(8) which provides:

    (a) A Discharge under §727… of this title does not Discharge an individual debtor from any debt…

    i. (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for…

    ii. (A)(I) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

        1. (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend;

29. Here, the Debtor satisfies all three elements of the Brunner Test, by a preponderance of the evidence as required by In re Brightful. 267 F.3d 324, 327 (3d Cir. 2001).

## **First Prong of the Brunner Test**

30. The First Prong of the Brunner test requires a debtor to show that at the debtor's current level of income and expenses, the debtor cannot maintain a minimal standard of living if forced to repay his student loans. Faish, 72 F.3d at 304-05.

31. "It is well established that maintaining a minimal standard of living does not mean that [a][d]ebtor has to live at a poverty level to repay [a] student loan." In re Alston, 297 B.R. 410, 415 (Bankr. E.D. Pa. 2003).

32. One Court stated, "Given the absence of 'bright lines,' perhaps the best that can be said is that 'a minimal standard of living lies somewhere between poverty and mere difficulty.'" Miller, 409 B.R. at 311 (quoting In re McLaney, 314 B.R. 228, 234 (Bankr. M.D. Ala. 2004), aff'd as modified, 375 B.R. 666 (M.D. Ala. 2007)).

33. A basic list of needs that demonstrate a "minimal standard of living" were expressed in In re Ivory, 269 B.R. 890 (Bankr. N.D. Ala. 2001):

    a. shelter that is furnished, clean, free of pests and climate-regulated with heating and cooling;

    b. basic utilities such as electricity, water, gas and telephone;

    c. food and personal hygiene products;

    d. transportation or vehicles (and the ability to service and insure those vehicles);

    e. life insurance and health insurance (or the ability to pay for medical and dental expenses);

    f. modest recreation.

    269 B.R. at 899

34. Debtor's entitlement from Social Security Disability is in the amount of $2,235.00 per month. See Social Security award letter, Marked as "**Exhibit B**" and incorporated herein.

35. The Debtor has been receiving the monthly award since September 2017. See Id.

36. This represents all of the Debtor's fixed income. See Schedule I Marked as "**Exhibit C**" and incorporated herein.

37. Further, the Debtor's current expenses represent a minimal standard of living given the Debtor's condition and include:

    a. The Debtor's expense for reasonable shelter at approximately $1,000.00 per month.

    b. The Debtor pays $150.00 per month for telephone, cell phone, internet and cable services.

        i. Living without such services in this day makes communication impossible and increases isolation.

    c. The Debtor spends $500.00 per month on food and housekeeping supplies.

    d. The Debtor's monthly cost for his personal care products and services is approximately $100.00.

    e. The Debtor spends approximately $200.00 per month on medical expenses.

    f. The Debtor's expense for transportation per month is $200.00, and includes but is not limited to doctor/hospital visits for necessary treatment.

    g. The Debtor engages modest recreation in the amount of merely $85.00 per month.

    h. Additionally, the Debtor pays $100.00 per month for his health insurance. See Schedule J, Marked as "**Exhibit D**" and incorporated herein.

38. This represents the majority of the Debtor's monthly expenses without payment to his student loans.

39. The Debtor's monthly expenses total $2,335.00 per month, and his fixed income is $2,235.00 per month. See Id.

40. The Debtor's currently has no monthly disposable income after all necessary and reasonable expenses, and this can fluctuate further into the negative when his treatments and doctors visits periodically increase.

41. Lastly, the Debtor has no savings, no life insurance and does not take vacations due to cost.

42. The Debtor's expenses demonstrate a minimal standard of living, and to be forced to repay his student loans on top of his current expenses would create an undue hardship upon him.

43. Therefore, the Debtor has satisfied the First Prong of the Brunner test.

## Second Prong of the Brunner Test

44. In order for the debtor to satisfy the Second Prong of the Brunner Test, the debtor must demonstrate his condition is outside of his or her control, is not likely to improve, and is likely to persist for a significant period of the student loan repayment term. Brunner, 831 F.2d.

45. In this case, cardiomyopathy and the side effects of the condition, as well as the required treatments are certainly outside of the Debtor's control.

46. The Debtor has been actively treating his cardiac condition for approximately three (3) years. He has additionally been treating diabetes for over twenty (20) years.

47. He has not obtained relief from the symptoms that make it impossible for him to maintain a job of any kind.

48. Lastly, the Debtor's doctors do not expect his condition to improve.

49. Therefore, the Debtor's state of health and disability, demonstrates sufficient evidence to assert that his condition will persist for a significant period of the student loan repayment terms, and is outside of his control.

50. Therefore the Debtor has satisfied the Second Prong of the Brunner Test.

### **Third Prong of the Brunner Test**

51. The Third and final Prong of the Brunner test is an inquiry into whether the Debtor made a good faith effort to repay the student loans. <u>Faish</u>, 72 F.3d at 305.

52. The Debtor here was gainfully employed until he became ill and then permanently disabled.

53. The Debtor did not consciously disregard his duty to pay his student loans during his years of employment.

54. The Debtor made diligent monthly payments on the student loans until 2015, when he began exhibiting symptoms of his cardiac condition and began to be unable to work.

55. These years of payments represent a good faith effort to repay his student loans and satisfy the Third and final Prong of the Brunner Test.

**WHEREFORE**, Debtor, in the above captioned Motion, prays this Honorable Court grant this Motion to Determine Debtor's student loans are Dischargeable debts pursuant to 11 U.S.C §523(a)(8). Debtor additionally requests all other general and equitable relief the Court finds just.

Dated: December 4, 2018              /s/Brad J. Sadek, Esq

                                      Attorney for Debtor
                                      Sadek and Cooper, LLC.
                                      1315 Walnut Street, #502
                                      Philadelphia, PA 19107
                                      215-545-0008